**FILED**
**SEP 17 2008**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SHARON M. ROSE, | ) | CIV. 07-5079-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff applied for social security disability insurance benefits. The Administrative Law Judge (ALJ) denied plaintiff's claim. Plaintiff seeks judicial review of the ALJ's decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149

F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). The Commissioner's conclusions of law are only persuasive, not binding, on the

reviewing court. Smith v. Sullivan, 982 F.2d at 311; Satterfield v. Mathews, 483 F. Supp. 20, 22 (E.D. Ark. 1979), aff'd per curiam, 615 F.2d 1288, 1289 (8th Cir. 1980). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith, 987 F.2d at 1374.

## BACKGROUND AND DISCUSSION

Plaintiff is a fifty-nine-year-old woman, born on February 1, 1949. On July 8, 2005, plaintiff filed for social security disability insurance benefits, alleging disability commencing on July 12, 2005. Administrative Record (AR) 16, 124-26. Plaintiff cited firbomyalgia, rheumatoid arthritis, bad knees, irritable bowel syndrome, diverticulosis, plantar fascia, and depression as the basis for disability. AR 192. Plaintiff's claims were denied at all stages, and she appealed to the ALJ.

The ALJ hearing was held on February 6, 2007. AR 16. Plaintiff was represented by counsel. Id. On March 20, 2007, the ALJ issued his decision. AR 16-29. The ALJ found that plaintiff was not entirely credible, was not disabled, and was capable of performing her past relevant work as a school bus driver or taxi driver. Id. Accordingly, plaintiff's claim for benefits was denied. The present appeal followed.

Plaintiff raises two issues in this appeal: 1) whether or not the ALJ's adverse credibility determination is supported by substantial evidence, and 2) whether or not the ALJ's finding that plaintiff is capable of performing her past relevant work is

erroneous. For reasons that follow, the Court concludes that neither issue raised by plaintiff is meritorious. The ALJ's decision is supported by substantial evidence and therefore must be affirmed.

## A.     Plaintiff's Credibility

The ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible." AR 26. The ALJ cited a number of inconsistencies in the record to support this finding. For instance, the ALJ noted that, at the hearing, plaintiff "testified she could not stand for longer than 15 minutes, yet elsewhere she reports she cannot stand for longer than 1 hour." Id. The ALJ also noted that plaintiff testified "she could not walk for more than one block, but yet in her function report she stated she could not walk for more than 30 minutes." Id. The ALJ noted that, after plaintiff's alleged onset of disability, she continued to work part-time. The Eighth Circuit has frequently indicated that a record of contemplating work suggests that a claimant does not view his or her pain as disabling, and is therefore a proper basis to discount a claimant's credibility. See Bentley v. Shalala, 52 F.3d 784, 786 (8th Cir. 1995); Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006); Melton v. Apfel, 181 F.3d 939, 942 (8th Cir. 1999). The ALJ noted plaintiff's testimony that she takes pain medication only once per day "does not suggest symptoms are particularly serious." AR 22, 391-92. This too was a permissible basis to discount plaintiff's credibility. See Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987) (providing that

4

infrequent or non-aggressive treatment is not indicative of disabling pain). Finally, the ALJ noted that plaintiff's claim of "bad knees" as a basis for disability was inconsistent with medical notes concerning plaintiff's total knee replacement surgery, wherein it was reported that plaintiff's "left knee is doing very well;" "[s]he is having minimal if any pain;" "[s]he is not using any assistive aids for ambulation;" "[s]he denies any numbness or tingling in the left lower extremity;" and "[s]he is already very pleased with her results." AR 326.

Plaintiff contends that the ALJ improperly evaluated plaintiff's subjective allegations of pain and functional limitations by failing to engage in the analysis required by Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). Polaski requires the ALJ to consider a claimant's "prior work history; daily activities; duration, frequency, and intensity of the pain; dosage, effectiveness and side effects medications; precipitating and aggravating factors; and functional restrictions." O'Donnell v. Barnhart, 318 F.3d 811, 816 (8th Cir. 2003) (citations omitted). Plaintiff complains that the ALJ failed to properly consider several of these factors. The Court does not agree. As the Eighth Circuit has noted, "[t]he ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered," Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004), and "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000). In order to comply with Polaski, an ALJ

"must make an express credibility determination that explains, based on the record as a whole, why the claims were found to be not credible." Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006) (citations omitted). This is precisely what the ALJ has done in this case. The ALJ specifically acknowledged the Polaski framework, and proceeded to discuss several of those factors in detail. AR 19-29. The ALJ supported his adverse credibility finding by citing to specific inconsistencies in the record as a whole, as is required. Id. As such, the ALJ's credibility finding is supported by substantial evidence.

This Court is mindful of the instruction that "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001). Moreover, this Court may reverse the ALJ's credibility determination "only if it falls outside the available zone of choice," and "[a] decision is not outside the zone of choice simply because [the Court] may have reached a different conclusion had [it] been the fact finder in the first instance." Hacker v. Barnhart, 459 F.3d 934, 936 (8th Cir. 2006) (citations and quotation marks omitted). In this case, the ALJ's credibility finding is within the zone of choice and is properly supported by substantial evidence, and therefore shall be affirmed.

## B.     Past Relevant Work

The ALJ found that plaintiff was capable of performing her past relevant work as a school bus driver or taxi driver, and therefore was not eligible for social security disability benefits. Plaintiff contends that this finding was erroneous. Specifically, plaintiff contends that side-effects from pain medications, including dizziness and nausea, make it impossible for her to perform those jobs. This argument is inconsistent with the record as a whole. First, plaintiff admitted in testimony at the hearing that she only takes one pain medication, which she takes in the evenings. Second, medical notes indicate that the side effects complained of were not side effects at all, but rather were symptoms of dehydration. AR 315. In one instance, after being administered IV fluids and an anti-nausea medication, plaintiff reported that "she felt much better." Id. Third, plaintiff was offered a different medication after complaining of slight nausea from Percocet in June of 2005, but she declined and said she wanted to keep using Percocet. AR 335. Fourth, plaintiff specifically denied having any nausea in August of 2005. AR 359. Fifth, no physician placed an restrictions on plaintiff due to medication side effects. Sixth, plaintiff testified that she continued to drive five days per week throughout the relevant time period, and drove up to 60 miles in a sitting. Taken as a whole, these examples constitute substantial evidence in support of the ALJ's finding on this issue.

7

"[T]he claimant bears the burden to establish that he or she cannot return to past relevant work." Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005). Based on the record as a whole, this Court concludes that the ALJ did not err in finding that plaintiff had not satisfied this burden. The ALJ's finding is supported by substantial evidence and shall be affirmed.

C. Conclusion

Based upon the foregoing discussion, it is hereby

ORDERED that plaintiff's complaint (Docket #1) is dismissed, plaintiff's motion for summary judgment (Docket #9) is denied, and the decision of the ALJ is affirmed.

Dated this 14th day of September, 2008.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

8